UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DUANE L. STOFFEL,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 1:24-cv-00545-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court are four motions: two filed by Defendant Costco Wholesale Corporation ("Costco"), and two filed by pro se Plaintiff Duane Stoffel. On October 3, 2025, Costco filed a Rule 37 Motion for Sanctions. Dkt. 14. Stoffel thereafter filed a Motion to Compel Discovery, to Modify Scheduling Order for Limited Purposes, and for Sanctions. Dkt. 22. On November 21, 2025, Costco filed a Motion for Summary Judgment. Dkt. 25. Stoffel responded with a Rule 56(d) Motion to Deny or Defer Costco's Motion for Summary Judgement. Dkt. 29.

Having reviewed the record and briefs, the Court finds the facts and legal arguments adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motions without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B). For the reasons outlined below, the Court GRANTS IN PART and DENIES IN PART Costco's Motion for Sanctions; DENIES Stoffel's Motion to Compel Discovery,

to Modify the Scheduling Order for Limited Purposes, and for Sanctions; DENIES Costco's Motion for Summary Judgment; and DENIES Stoffel's Rule 56(d) motion.

## II. BACKGROUND

This case, removed from Idaho state court, arises from an incident taking place at a Costco store in Nampa, Idaho. On September 30, 2022, Stoffel was walking through the Costco food court, holding plastic cups with liquid in them, when he slipped and fell. The available surveillance footage captures certain aspects of the incident; however, the fall itself is only partially visible. Stoffel claims a pre-existing puddle caused the fall. Costco disputes this, asserting Stoffel slipped on his own and spilled the drinks as he fell, creating the puddle.

Following the incident, Stoffel received treatment from three healthcare providers: Dr. Paul Collins, Dr. Jesse Chlebeck, and NP-C Kari M. Underkofler. Prior to filing suit, Stoffel also gave Costco three medical billing statements he incurred as a result of the injury.

Stoffel initially filed his Complaint in Idaho state court—which has since been removed to this Court—claiming Costco was negligent under Idaho common law. Dkt. 1-1. He seeks damages for physical injury, lost wages, and expenses incurred as a result of the injury. Dkt. 8, at 4.

In the early stages of this litigation following removal, the Court issued a scheduling order on January 31, 2025. Dkt. 7. In it, the Court ordered Stoffel disclose the experts he intends to call at trial by August 1, 2025, and that all expert discovery be completed by November 21, 2025. *Id.* at 3–4. The scheduling order further provided that "expert

witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition," and that the "parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions." *Id.* at 4–5. It also stated that all factual discovery be completed by October 24, 2025. *Id.* at 3.

On March 7, 2025, Stoffel produced his initial disclosures. Dkt. 8. In his initial disclosure, Stoffel named Dr. Collins as someone who "may have information regarding [his] medical condition." *Id.* at 2. He also named Dr. Chlebeck and NP-C Underkofler as people who "saw [Stoffel] after his fall and may have information regarding [his] claim." *Id.* at 3. His initial disclosure also provides that Stoffel intends to use the "medical records that he has provided to Costco" prior to litigation as evidence. *Id.* at 2–3.

In his answer to Costco's first set of interrogatories, Stoffel again listed these three individuals, among others, as people who "may have knowledge concerning the facts and circumstances underlying the allegations of [his] Complaint." Dkt. 12, at 2–4. When asked to identify who he will call as an expert witness at trial, Stoffel objected and stated "[he] has not yet identified which experts he may call to testify at the trial of this case." *Id.* at 4–5. Costco also requested copies of Stoffel's relevant medical records and information related to his alleged lost wages claim. *Id.* at 10. As an alternative to producing medical records, Costco gave Stoffel the option to execute a medical authorization, which he again refused. *Id.* at 11. In sum, Stoffel refused to disclose or produce almost anything. *See generally* Dkt. 12.

On July 11, 2025, Costco sent Stoffel a meet and confer letter to discuss Stoffel's refusal to comply with Costco's discovery requests. Dkt. 16-2. On July 22, 2025, the Parties spoke on the phone, and Stoffel told Costco his house recently flooded and he was going to work on providing complete responses and documentation related to his claims. Dkt. 16, at 2. On July 30, 2025, Costco emailed Stoffel following up on their conversation. The next day, Stoffel responded to the email, and attached to it a letter from Dr. Paul Collins, dated June 25, 2024. Dkt. 16-1, at 58. The letter included a summary of Dr. Collins's opinion regarding Stoffel's injury, its relation to the incident, and what medical care is required. *Id.* On August 11, 2025, Costco deposed Stoffel and his partner, Sheri Rogers. *See* Dkt. 16-1.

On October 3, 2025, Costco filed a motion to sanction Stoffel pursuant to Federal Rule of Civil Procedure 37. Dkt. 14. On October 23, 2025—one day before the close of Discovery—Stoffel filed supplementary answers to the interrogatories and disclosed the same three healthcare providers as non-retained expert witnesses. Dkt. 21, at 3. In attached exhibits he produced the following: medical records from his appointments with Dr. Chlebeck and NP-C Underkofler with dates of service in October 2022 (Dkt. 21-1, at 1–9); medical records from appointments with Dr. Collins in June 2023 and August 2025 (*Id.* at 10–11); and a spreadsheet with financial records assumably related to his lost-wages claim (Dkt. 21-2).

On November 14, 2025, Stoffel filed his Motion to Compel Discovery, to Modify the Scheduling Order for Limited Purposes, and for Sanctions under Federal Rule of Civil Procedure 37. Dkt. 22. In it, he argues Costco has been evasive in the proceedings and asks the Court to compel Costco to produce the following as related to the incident: more

security camera footage; declarations regarding any missing security camera footage; Costco's incident file; witness statements; names of custodians; Costco's policies, procedures, and training for maintenance; cleaning logs and schedules; and prior incidents. Dkt. 22-1, at 1–3. Stoffel also asks the Court to modify the Scheduling Order to accommodate his requested relief and to award him attorney's fees. Dkt. 22, at 3.

After responding to Stoffel's motion, Costco filed a Motion for Summary Judgment on November 21, 2025. Dkt. 25. Stoffel responded with a Rule 56(d) Motion to Deny or Defer the Motion for Summary Judgment. Dkt. 29.

## III. LEGAL STANDARD

### A. Pro Se Litigants

Pro se litigants "must be ensured meaningful access to the courts," *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), and should be treated with "great leniency" when evaluating their compliance with the technical rules of civil procedure. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Even still, these litigants "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

### B. Disclosures

Routine discovery rules dictate parties' discovery efforts in civil litigation. Parties are required to provide certain disclosures without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

A critical part of the discovery process is the disclosure of expert witnesses and computation of damages. Regarding expert witnesses, disclosures of non-retained treating physicians must include "the subject matter on which the witness is expected to present evidence . . . [and] a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). To properly disclose the computation of damages, the disclosing party provides "a computation of each category of damages claimed by the disclosing party" and "the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). In general, the computation required "contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *E.g.*, *Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, at * (D. Nev. Mar. 28, 2016) (citing *City & County of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)).

Parties have an ongoing duty to supplement disclosures in a timely manner as they learn of any incompleteness or incorrectness of them. Fed. R. Civ. P. 26(e).

**C. Sanctions**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). This is an automatic sanction that "gives teeth" to Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Litigants can only escape the "harshness" of exclusion if they prove the discovery violation(s) were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)).

The following factors are helpful to courts making such a determination: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). But ultimately, district courts are afforded "wide latitude" under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106–07; *see also Benjamin v. B&H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017).

A district court, on either party's motion, may decide to add further sanctions or to impose a lesser sanction than exclusion. Fed. R. Civ. P. 37(c)(1). For example, a court might "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). A court would likewise be justified in "dismissing the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v). However, "if the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion in excluding evidence where such action is otherwise justified." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

**D. Motions to Compel Discovery**

"Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely." *Green Aire for Air Conditioning W.L.L. v. Salem*, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) (quoting *Thomason v. City of Fowler*, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases)). District courts "within the Ninth Circuit have regularly denied motions to compel when those motions were filed

after the close of discovery." *Peck v. Cincinnati Ins. Co.*, 2016 WL 9308018, at *2 (D. Idaho May 3, 2016) (citing *Kizzee v. Walmart, Inc.*, 2011 WL 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, 2010 WL 2695662 (D. Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely)).

When faced with a motion to compel filed after the close of discovery, courts consider a number of factors in deciding whether the motion should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule.

*Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. (2006)) (collecting cases looking to discovery deadline date to determine whether a motion to compel is timely filed); *see also Rogers v. Brauer Law Offices, PLC*, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have denied discovery motions filed after the discovery deadline).

Further, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "To confer" means "to speak directly with opposing counsel or a self-represented litigant in person, by video, or by telephone, to identify and discuss disputed issues and to make a reasonable effort to resolve the disputed issues." Dist. Idaho Loc. Civ. R. 37.1.

"Rules requiring meet-and-confer efforts apply to pro se litigants," *Rogers*, 288 F.R.D. at 477, and "[a] court may deny a motion 'to compel' due to a party's failure to meet and confer in good faith without proceeding to the merits of the motion." *Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery Ctr., LLC*, 2020 WL 5523384, at *18 (D. Idaho Sept. 14, 2020) (citing Q*uintana v. USAA Life Ins. Co.*, 434 F. Supp. 3d 932, 939 (W.D. Wash. 2020) and *Rogers*, 288 F.R.D. at 479.)

**E. Summary Judgment**

Rule 56 governs the standard of summary judgment. *See* Fed. R. Civ. P. 56. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U. S., 242, 249 (1986)).

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015) (citation modified); *see also Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th

Cir. 2017).

Rule 56(d) acts as "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).[1] That rule provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In ruling on a Rule 56(d) motion, a district court considers whether the movant had sufficient opportunity to conduct discovery, whether the movant was diligent, whether the information sought is based on mere speculation, and whether allowing additional discovery would preclude summary judgment. *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. 2014).

## IV. ANALYSIS

### A. Costco's Motion for Sanctions

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Costco's motion for sanctions.

Costco's first argument is that the Court should grant this motion because Stoffel never filed a response opposing it. *See* Dist. Idaho Loc. Civ. R. 7.1(f)(1) ("Failure by the moving party to file any documents required to be filed under this rule in a timely manner

---

[1] *Kitsap Physicians Serv.* discusses Rule 56(f), which has since been relocated to Rule 56(d). Cases that interpreted Rule 56(f) apply to what is now Rule 56(d). *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 & n.8 (9th Cir. 2011); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

may be deemed a waiver by the moving party of the pleading or motion."). However, in Stoffel's supplemental answers he states: "Rule 37(c)(1) sanctions are unwarranted where supplementation is ongoing in good faith and any earlier delays were due to inability[,] . . . not willfulness." Dkt. 21, at 9. Affording Stoffel some leniency, the Court construes this as an opposing response, albeit a weak and conclusory one. Further, the Court has a strong preference to resolve matters on the merits and the discretionary power to do so. As such, it does not grant the motion on these grounds.

The Court must now determine whether Stoffel properly disclosed proposed expert witnesses Dr. Collins, Dr. Chlebeck, NP-C Underkofler, documents relating to Stoffel's lost-wages claim, and Stoffel's medical records.

Generally speaking, whether a party has sufficiently complied with Rule 26 is extremely case specific, and is an issue not well settled in the Ninth Circuit. *See, e.g.*, *Dillon v. W. Pub. Corp.*, 409 F. App'x 152, 155 (9th Cir. 2011) (affirming lower court's ruling that allowed plaintiff to submit a new damage calculation for the second trial on damages even though it was not included in original Rule 26 disclosures); *compare Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 822 (9th Cir. 2019) (affirming lower court's ruling that Plaintiff could not put on evidence of damages in light of his failure to comply with Rule 26 even though such resulted in the dismissal of those claims), *with Toyrrific, LLC v. Karapetian*, 606 F. App'x 365 (9th Cir. 2015) (affirming lower court's ruling that party failed to comply with rule 26, but reversing the court's subsequent finding that that information was therefore inadmissible, stating that absent bad faith a less drastic sanction was necessary). In short, this determination is discretionary and case specific.

First, Stoffel properly disclosed Dr. Collins as a non-retained expert witness under Rule 26(a)(2)(c). In the letter Stoffel emailed to Costco on the eve of the discovery deadline, Dr. Collins discusses Stoffel's medical history regarding his knee, diagnoses the injury, opines that the incident caused Stoffel's injury, and recommends a total knee replacement. *See* Dkt. 16-1, at 58. This is sufficient under Rule 26. The Court understands Stoffel did not use unequivocal terms in disclosing this expert witness to Costco. However, Dr. Collins's letter was attached to Stoffel's email responding to a Costco request for discovery. This surely put Costco on sufficient notice that Stoffel intended to use Dr. Collins as an expert witness. As such, the Court finds no basis to exclude Dr. Collins or the records documenting the care he recommended or provided Stoffel.

However, Stoffel improperly disclosed proposed expert witnesses Dr. Chlebeck and NP-C Underkofler. Stoffel refused to disclose these expert witnesses until he filed his supplemental answers and responses, which he submitted almost three months after the close of discovery. Costco would be greatly prejudiced if the Court did not exclude these witnesses given the stage of litigation at the time Stoffel finally disclosed these two healthcare providers. *See Benjamin*, 877 F.3d at 1150–51 ("A plaintiff's failure to disclose a likely witness before a defendant files a motion for summary judgment is prejudicial because it deprives the defendant of an opportunity to depose that witness.") (citation modified). Thus, Rule 37 is triggered and automatically excludes Dr. Chlebeck and NP-C Underkofler as expert witnesses in this case, as well as the medical reports authored by them (Dkt. 21-1, at 2–9).

The Court now turns to whether Stoffel disclosed the computation of damages in compliance with the Rules of Civil Procedure.

Costco argues that Stoffel failed to produce medical records and a computation of damages required by Rule 26. While a firm damages amount is not always required, the plaintiff needs to provide sufficient information for the opposing party to understand what is at issue. *See, e.g.*, *Ice Castles, LLC v. LaBelle Lake Ice Palace LLC*, 2021 U.S. Dist. 2021 WL 4138398, at *3 (D. Idaho Sept. 10, 2021); *Torres v. Sugar-Salem Sch. Dist. #322*, 2021 WL 1550331, at *14 (D. Idaho Apr. 20, 2021); *Idahoan Foods, LLC v. Allied World Assurance Co. (U.S.), Inc.*, 2020 WL 1948823, at *6 (D. Idaho Apr. 22, 2020).

In Stoffel's initial disclosures, he stated that the medical billing statements he provided to Costco prior to the litigation are tangible documents he may use to support his claims or defenses. Dkt. 8, at 3–4. Those records consist of three billing statements: one from SIHP Saltzer Clinics Business Office indicating NP-C Underkofler and Dr. Chlebeck rendered him medical care on October 1 and October 4, 2022, respectively (Dkt. 16-1, at 52); one from Mountain Brace Systems showing a date of service of October 1, 2022 (*Id.* at 54); and a membership statement from Treasure Valley Family YMCA, demonstrating his charges ranging between October 1, 2022 to July 1, 2024 (*Id.* at 56). Each statement shows an amount due or an amount paid.

As these documents were sufficiently disclosed, the question is whether they qualify as a computation of damages for his recovery of expenses claim. The Court holds that these medical statements are sufficient documentation, when combined with the amount pleaded for in the Complaint, to inform Costco the amount at issue for all Stoffel's claims except

his lost-wages claim.

However, Stoffel improperly disclosed the financial report attached to his supplementary disclosures. Stoffel waited until the day before the end of discovery to serve this report which, presumably, is evidence or a computation of his lost-wages claim. Although Stoffel argues his lateness is justified due to his house flooding on or around March 30, 2025, that flooding occurred *after* he filed his initial disclosure and repeatedly refused to provide a computation of damages for this claim. This withholding is not harmless either, as Costco cannot be reasonably expected to defend its case under such circumstances. Thus, Rule 37 automatically excludes the financial report, and the Court further sanctions Stoffel by dismissing his lost-wages claim.

Stoffel has not moved for lesser sanctions. But given that the excluded expert witnesses are a large part of all his claims, and the financial report is dispositive to his lost-wages claim, the Court notes that it has considered lesser sanctions. However, Stoffel acted willfully and in bad faith—evidenced by his repeated refusals to meaningfully engage in discovery and unreasonable stalling of the litigation by so doing.

Although Costco requests the Court award attorney's fees based on Stoffel's discovery failures, these exclusions are a sufficient sanction. Thus, the Court will not award Costco attorney's fees based on this motion.

### B. Stoffel's Motion to Compel Discovery, Modify the Scheduling Order, and for Sanctions

For the reasons outlined below, the Court denies Stoffel's Motion to Compel Discovery, Modify the Scheduling Order, and for Sanctions (Dkt. 22).

The *Days Inn* factors weigh against Stoffel. Stoffel filed this motion three weeks after the close of discovery. Stoffel has known about this deadline since the scheduling order was issued in January. He brings no explanation for filing this motion so late. Costco has since filed for summary judgment (a dispositive motion). The case was over a year old at the point Stoffel filed this motion. Granting this motion would further stall the proceedings, which would prejudice Costco and disrupt the Court's schedule. As such, each of the *Days Inn* factors weigh against granting this motion.

Furthermore, Stoffel also failed to satisfy the meet and confer requirement. He claims he satisfied this requirement on July 11, 2025, seemingly referring to a communication Costco sent him on that date, attempting to set up a meet and confer on July 22 regarding Stoffel's deficient discovery responses. However, Costco asserts, and Stoffel does not dispute, that the content of this meeting centered on the deficiencies of *Stoffel*'s discovery production, not Costco's. *See* Dkt. 16, at 2–3.

Stoffel further claims to have satisfied the meet and confer requirement when he accused Costco of withholding evidence during the deposition and when he sent Costco a demand letter on October 21, 2025. However, demanding desired information is not a reasonable, good-faith attempt to resolve a dispute. Further, the letter also fails to satisfy the meet and confer requirement because a one-time, written communication is insufficient under Local Rule 37.1.

Because the *Days Inn* factors weigh heavily against Stoffel and because he did not satisfy the meet and confer requirement, the Court denies his motion to compel before reaching its merits.

The Court also denies Stoffel's motion to modify the scheduling order. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court does not find good cause to modify the scheduling order because Stoffel has not diligently prosecuted this case. For example, he had months to pursue additional discovery from Costco, including making further reasonable document and production requests or seeking to depose Costco or its employees, yet he chose not to do so. Thus, the Court does not find good cause, and as such, this motion is denied. Accordingly, Stoffel's Motion for Sanctions is likewise denied.

The Court must now decide if Costco is entitled to attorney's fees under Rule 37, which states:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). The purpose of Rule 37(a) is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999). A discovery motion is substantially justified if there "genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565

(1988) (citation modified). The Ninth Circuit has found that "the opportunity to submit briefs" satisfies the "opportunity to be heard" requirement. *Paladin Assocs. v. Mont. Power Co.*, 328 F.3d 1145, 1164–65 (9th Cir. 2003).

Stoffel had an adequate opportunity to be heard. Costco filed its opposition and requested attorney's fees on December 5, 2025. Dkt. 30. Almost a year has passed, and Stoffel's only opposing argument is in his initial Motion to Compel, stating that that the Court should "deny Costco any request for fees." Dkt. 22, at 6.

Stoffel was not substantially justified in filing the motion to compel. There is no genuine dispute that he filed past the deadline and failed to satisfy the meet and confer requirement. No reasonable person could find his motion appropriate. Further, the Court is not aware of any circumstances making such an award of expenses unjust.

Accordingly, the Court awards Costco reasonable attorney's fees incurred in opposing Stoffel's Motion to Compel. The Court will permit the Parties to submit supplemental briefing regarding the amount of fees to be awarded.

**C. Costco's Motion for Summary Judgment and Stoffel's Rule 56(d) Motion**

For the following reasons, the Court denies Costco's Motion for Summary Judgment and Stoffel's Rule 56(d) motion.

*1. Rule 56(d)*

Stoffel argues he is precluded from presenting facts essential to opposing summary judgment until Costco produces the following items: surveillance footage (with metadata) two hours before and after the incident; surveillance footage recording the incident from

different angles; Costco's safety, cleaning, and inspection policies and training materials; cleaning logs for sixty days prior to the incident; incident files and witness statements; and camera, system, and custodian identification.

As mentioned previously, Stoffel had sufficient opportunity to conduct discovery but failed to do so diligently. Importantly to this motion, Costco has already produced all of these things to Stoffel except the alleged footage of the incident from other angles. And his allegation that Costco is refusing to produce additional surveillance footage capturing the incident from a different angle is completely speculative because there is no indication such footage exists. Further, the Court is not convinced that allowing additional discovery would have any effect on summary judgment because the productions Stoffel seeks have either already been produced or might not exist.

For these reasons, the Court denies Stoffel's Rule 56(d) motion.

The Court now turns to whether to award Costco attorney's fees under Rule 56(h), which provides:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h). Sanctions under this rule "are made discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions." Fed. R. Civ. P. 56(h) advisory committee's notes to 2010 amendment. Before awarding sanctions under Rule 56(h), the court must find (1) the declaration was

"submitted in bad faith or solely for delay" and (2) the court relied on the declaration in deciding the summary judgment motion. *See id.*; *Faberge, Inc. v Saxony Prods., Inc.*, 605 F.2d 426, 429 (9th Cir. 1979) (even if affidavit was submitted in bad faith, plaintiff not entitled to sanctions because courts' decisions were not caused by presence of affidavit in record).[2]

Even if Stoffel acted in bad faith by filing his 56(d) motion and accompanying affidavit, the Court will not award Costco attorney's fees on this matter because it did not rely on this motion or its accompanying affidavit in deciding summary judgment.

*2. Summary Judgment*

In Idaho, a common law negligence action has four elements: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Dupuis v. E. Idaho Health Servs., Inc.*, 485 P.3d 144, 149 (Idaho 2021) (quoting *Brooks v. Wal-Mart Stores, Inc.*, 423 P.3d 443, 448 (Idaho 2018)).

a. Duty and Breach of Duty

A reasonable jury could conclude that Costco owed and breached a duty to Stoffel. "When a negligence cause of action is based on premises liability, the element of duty depends on the status of the injured person in relation to the landowner, i.e., invitee, licensee (social guest), or trespasser." *Brooks*, 423 P.3d at 449. It is undisputed in this case

[2] *Faberge, Inc. v Saxony Prods., Inc.* refers to Rule 56(g). However, that rule has since been relocated to Rule 56(h). *See* Fed. R. Civ. P. 56 advisory committee notes, 2010 amendment ("Subdivision (h) carries forward former subdivision (g).")

that Stoffel was an invitee at the time of the incident. In addition to the duty to employ reasonable care, a land possessor—in this case, Costco—owes an affirmative duty to invitees to protect and warn against danger. *See Oswald v. Costco Wholesale Corp.*, 473 P.3d 809, 821 (Idaho 2020). "Typically a landowner's duty to keep the premises reasonably safe and to warn of hazards arises only when the landowner or occupier knew, or by the exercise of reasonable care should have known, of the existence of the dangerous condition." *Brooks*, 423 P.3d at 449 (citation modified).

A dangerous condition which a landowner can be held liable for can occur in two forms: (1) an isolated incident or; (2) a recurring or continuous condition. *Hanks v. City of Boise*, 540 P.3d 299, 303 (Idaho 2023). The Court construes Stoffel's pleadings to assert both. "For a nonrecurring or isolated incident, the invitee must show actual or constructive notice of the specific condition." *Shea v. Kevic Corp.*, 328 P.3d 520, 528 (Idaho 2014). "Constructive notice is simply knowledge of a condition that the exercise of reasonable care would have revealed." *Johnson v. Wal-Mart Stores, Inc.*, 423 P.3d 1005, 1009 (Idaho 2018). "For a recurring or continuing condition, the invitee must show that the operating methods of the landowner or possessor are such that dangerous conditions are continuous or easily foreseeable." *Shea*, 328 P.3d at 528 (citation modified).

Regarding an "isolated incident" theory, a reasonable jury *could* find Costco breached its duty. For example, the Parties dispute the sequence of events: whether Stoffel slipped on an existing puddle, or whether he fell independently and spilled his drink, thereby creating the puddle. The security footage shows employees walking near or even through the alleged puddle shortly before the incident. Costco admits there were food court

workers nearby when Stoffel fell. A reasonable jury could find that any of these workers had actual or constructive knowledge of the alleged puddle but failed to reasonably warn customers or clean it.

Regarding a recurring condition theory, the Court finds the following case analogous. In *McDonald v. Safeway Stores, Inc.*, 707 P.2d 416 (Idaho 1985), Safeway handed out ice cream to many customers, some even as young as infants, on a day with "abnormally large crowds." *Id.* at 418. The plaintiff in that case slipped on an ice-cream-colored substance that had been on the ground long enough to have melted. *Id.* 417. The Idaho Supreme Court affirmed the denial of Safeway's motion for summary judgment based on the district court's conclusion that whether the presence of ice cream on the floor was an isolated incident was a factual question under those circumstances. *Id.* at 419.

The area where Stoffel slipped is a high traffic area near the soda fountains. The security footage shows many people walking through this area with drinks in hand, and even shows children running through the area with drinks. Stoffel claims to have slipped on a clear, liquid puddle in this high-traffic area. Viewing the facts in Stoffel's favor, a reasonable jury could find that Costco's operating methods were not reasonable considering the amount of people with drinks walking through that area, ultimately causing the alleged puddle to be a continuous or foreseeable hazard. In any case, such question is factual and not appropriate for summary judgment.

Thus, a reasonable jury could conclude that Costco owed and breached a duty to Stoffel.

b. Causation and Injury

A sufficient causal connection to the alleged injury exists to deny summary judgment. Under Idaho law, expert testimony is required where medical causation involves complex medical issues. *Evans v. Twin Falls County*, 796 P.2d 87, 90 (Idaho 1990); *Mortensen v. Baker*, 516 P.3d 1015, 1030 (Idaho 2022). Costco's argument here depends on Dr. Collins being excluded from this case. However, Dr. Collins has not been excluded from this case, and he may offer expert testimony about Stoffel's injury and if it occurred as a result of the incident.

As such, Costco's motion for summary judgment is denied.[3]

## V. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Costco's Motion for Sanctions. Additionally, the Court DENIES Stoffel's Motion to Compel, DENIES Stoffel's Rule 56(d) motion, and DENIES Costco's Motion for Summary Judgment.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Costco's Motion for Sanctions (Dkt. 14) is GRANTED IN PART and DENIED IN PART.

    a. Proposed expert witnesses Dr. Jesse Chlebeck and Kari M.

[3] Costco also argues that summary judgment should at least be granted in part regarding Stoffel's lost-wages claim. However, the Court will not address this argument because that claim is dismissed as a result of this order.

Underkofler, NP-C are EXCLUDED.

b. Stoffel's financial report (Dkt. 21-2) is EXCLUDED.

c. Costco's request for attorney's fees is DENIED.

2. Stoffel's Motion to Compel Discovery, to Modify Scheduling Order for Limited Purposes, and for Sanctions (Dkt. 22) is DENIED.

   a. Costco is awarded reasonable attorney's fees and costs incurred. The Parties are permitted to file briefs regarding the amount to be awarded.

3. Costco's Motion for Summary Judgment (Dkt. 25) is DENIED.

4. Stoffel's Rule 56(d) Motion (Dkt. 29) is DENIED.

DATED: November 13, 2026

David C. Nye
U.S. District Court Judge